PAT PATTERSON
EL Nora Court
Sacramento CA 95829
Plaintiffs Pro Se

JAN 24 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## OF CALIFORNIA

PAT PATTERSON
8081 EL NORA CT
SACRAMENTO, CA 95829
Plaintiffs,

vs.

OLD REPUBLIC TITLE COMPANY, RECONTRUST, ASSURED LENDING CORPORATION, CHASE BANK NA. Mortgage Electronic Registration Systems, Inc. (MERS), A Corporation, doing business in the State of CALIFORNIA

Defendants,

CASE NO: 2:12-CV-0175 MCE KJN PS
COMPLAINT:

1. WRONGFUL FORECLOSURE
2. PLAINTIFFS REQUEST THAT PRO SE STATUS BE RECOGNIZED
3. NICE OFFER AND DEMAND
4. NEGLIGENCE;
5. FRAUD;
6. CANCELLATION OF A VOIDABLE CONTRACT UNDER REV & TAX CODE §§ 23304.1, 23305A AND VIOLATION OF CAL. CORP. CODE §§ 191(C)(7);
7. TO SET ASIDE TRUSTEE'S SALE;
   TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE;
8. TO VOID OR CANCEL ASSIGNMENT OF DEED OF TRUST;
9. BREACH OF CONTRACT;
10. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
11. UNJUST ENRICHMENT;
12. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.;

13. QUIET TITLE; AND
14. (13) SLANDER OF TITLE

Comes now Pat Patterson before this honorable court, and at all relevant times, Plaintiffs, has been and continues to be, a resident of the County of Sacramento State of CALIFORNIA, and is the title owner of the real property situated at 8081 El Nora Sacramento CA 95829

Plaintiff requests that their Pro se status is recognized and treated by the Court as The United States Supreme Court and US District Courts have held such status be recognized and treated. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). "We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally". Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) contract law.

## JURISDICTION AND VENUE

1. Plaintiffs is a residents of, CALIFORNIA, and have been a residents there at all times relevant to the events that form the basis of Plaintiffs' Complaint.

2. The basis of their case arises out of a dispute between the parties concerning the first mortgage on Plaintiffs' property located at 8081 El Nora Ct Sacramento CA 95829

3. This court has jurisdiction of the matter pursuant to 15 USC Sec. 6101.,

reserving the right to jury trial at a later date pursuant to fact, Statute, the Constitution for the United States, the Constitution for CALIFORNIA, the Uniform Commercial Code (UCC) 3-601, 3-602, 3-603, 3-604, 3-605, the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §§ 1601, 1692 et seq, the alleged contract between Plaintiffs and Defendant (the alleged loan agreement), and all applicable law in all applicable jurisdictions, only to.

Demand injunctive relief and/ or other relief which will effectively stop (Status Quo) any and all of Defendant's collection activities against Plaintiffs until Defendant has validated and produced, disclosed, and complied with Plaintiff's multiple request. ;

Report that Defendant is in default and that Defendants have committed crimes against Plaintiff per 15 USC Sec. 6101,

NOTICE OF POTENTIAL CIVIL RIGHTS VIOLATION

If you and/or your agents, assigns or successors attempt, or continue to attempt, to collect on the alleged debt in any manner, method or form including court action, negative credit reporting (conspiring with the "credit reporting bureaus"), letters/statement in the mail (conspiring with the United States Post Office/Service"), after failing/refusing to provide verification and adequate assurance (proof of claim) of the alleged debt you claim I owe as required by, but not limited to, UCC, Contract Law, FCBA, FDCPA, it may be deemed a violations of my Civil Rights pursuant, but not limited, to 42 U.S.C.§§ 1, 1986, and subject you to a lawsuit for damages sustained as well as potential criminal prosecution. Those

Civil Rights laws do NOT require "State action/involvement" for one to be found guilty of violating them. This was recognized by the US. Supreme Court in Griffin v. Brekenridge. 403 U.S. 88 ,91 S.Ct.1790, 29 L.Ed.2d 338 (1971) where they stated, "[The failure to mention any such (state action) requisites can be viewed as an important indication of congressional intent to speak in section 1985(3) of all deprivations of 'equal protection of the laws' and 'equal privileges and immunities under the laws.' Whatever their source." Also see Champman v. The Higbee Co., 6th Cir. Apps. (2003). Any collection action involving a court of law, judge, clerk of courts, attorney will subject you to a violation of my Constitutional and Civil Rights pursuant to 42 U.S.C. § 1983. Such action in connection with the "state" will deem you to be a "state actor". See Supreme Court decisions: See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Lugar v. Edmonsen Oil co. Inc., et al., 457 U.S. 922; 102 S. Ct. 2744: 73 L. Ed. 2d 482 (1982).

FACTS

DISCUSSION OF RECENT LEGAL THEIRTORY

OF MISSING MORTGAGE NOTES

AND ITS APPLICATION TO THE INSTANT CASE

4. In jurisdictions where non-judicial foreclosures are required and have recently occurred, MERS, as nominee for the lender, has often been the party seeking foreclosure.

5. In jurisdictions where non-judicial foreclosures are required, the inability of MERS, and/or the trustee and/or lender, to produce the original note in question has become a recent and unfortunate pattern and practice.

6. Affidavits of lost notes have also become a recent pattern and practice, and many judges in these jurisdictions are putting foreclosure proceedings in abeyance until such time as MERS, the trustee, and/or lender can produce the original note.

7. In these foreclosure cases, the usual reason given for the inability to produce the original notes is that the notes have been sold off to secondary mortgage market entities, which have bundled the notes in tranches, and sold them as part of a mortgage-backed security trust to investors.

8. Many of such trusts, or their owners, have become insolvent or have just gone out of business; in short, the original notes have simply vanished and can't be found, or their owners no longer exist or no effort is made to find them.

9. In many of these foreclosure actions brought by MERS, the actions have been dismissed for lack of standing, because MERS is little more than a shell entity, which is made up of a group of members who are primarily loan originators, used to facilitate the "flipping" of loans, from a loan originator to a secondary mortgage market entity, who then packages the loans as part of a mortgage-backed security trust.

10. MERS members decided it was too costly to pay recordation fees on loans that might be flipped numerous times, so according to MERS, MERS was chosen as nominee for the lender and its assigns in these deeds of trust, for the purpose of "immobilizing the mortgage lien while transfers of the promissory notes and servicing rights could continue to occur without the expense of recordation" (MERS' own explanation of what it does, from the reported case, Mortgage Electronic Systems, Inc. v. Nebraska Department of Banking and Finance, 704 N.W. 2d. 884, 786 (2005)

11. The immobilization of the mortgage lien now makes it terribly difficult for a borrower to track the holder of their note because deeds of trust are no longer assigned; and therefore, new holders of the notes do not record assignments of the deeds of trust when they purchase mortgages.

12. But the fact that MERS is a shell entity, means MERS never holds these notes (again citing from the reported case of Mortgage Electronic Systems, Inc. v. Nebraska Department of Banking and Finance, supra where MERS explains what it does), and means that Defendant MERS can't legitimately claim it has lost notes that were never in its possession, and means Defendant MERS can't legitimately file affidavits of lost notes; and therefore, numerous courts have held it lacks standing to bring a foreclosure action when it can't produce the original note or show that it holds it, where the Supreme Court of Arkansas held that MERS, which claimed to be both a nominee and beneficiary, had no interest in the Deed of Trust in question, was not a beneficiary despite language in the Deed of Trust stating it was, did not possess any rights as a lender, did not hold any legal title, and was therefore not entitled to be a party to a foreclosure action where the lender, its principal, was a party. The Same information has been reviewed and concluded by the U.S. Office Comptroller of Currency please see Exhibit "A" and Exhibit "B"

13. Even foreclosure suits brought by originating lenders, who have retained service rights to the notes, also fail to qualify as a party with standing to sue when the notes are lost, because they too fail to qualify to make proper affidavits of lost notes, or make other proper proof of the lost note's enforceability; and moreover, when pressed, these loan originators can't even show that they have any deed of trust rights because their interests in the notes have been previously assigned.

14. Although the instant case is not a foreclosure action, many of the same problems arise in it, as have occurred in non-judicial foreclosure cases of other jurisdictions, because CALIFORNIA law requires: (1) that original notes must be kept, (2) that original notes must returned to the borrower upon payment in full, (3) that original notes must be produced when the lender or its representative has demanded payment and the borrower requests to see proof of an original note's existence, and (4) that a lender's representative show proof of authority to demand payment when the borrower requests the lender's representative to do so.

15. Moreover, in the event a mortgage lender or its representative cannot prove that a CALIFORNIA mortgage original note still exists, CALIFORNIA law requires proof of certain things before a lost note will be deemed enforceable, just as the jurisdictions requiring non-judicial foreclosures do; and furthermore, CALIFORNIA courts also require compliance with the CALIFORNIA laws of trusts, assignments, and agency as they pertain to real estate cases.

SWORN AFFIDAVIT OF TRUTH AND STATEMENT OF PROBABLE CAUSE

DEFENDANT CLAIMS THAT PLAINTIFFS HAS A CONTRACTUAL OBLIGATION TO DEFENDANT: That is why Defendant claims that Plaintiffs owes a debt to Defendant. This is contract law. Full disclosure from both parties to the contract must occur or the contract is ultra vires (void since inception). Still, to date, Defendant refuses to produce and to comply. If Defendant claims that there is a contractual obligation between Plaintiffs and Defendant through an alleged contract referred to as "the loan agreement", then Defendant has (pursuant to contract law) the contractual obligation to

produce and disclose and comply according to Plaintiff's "Qualified Written Response". If Defendant claims that Defendant has no contractual obligation to produce and/ or disclose and / or comply according to Plaintiff's "Qualified Written Response", then Defendant claims that there is no contractual obligation between Plaintiffs and Defendant. If there is no contractual obligation between Plaintiffs and Defendant, Defendant has no legal right to continue any collection activities, such as foreclosure, against Plaintiffs. Plaintiffs demands the court to compel Defendant to produce and comply with Plaintiff's demands or for Defendant to give Plaintiffs a full deed of release. Defendant has to date knowingly refused Plaintiff's offer to satisfy purported debt as stipulated by law and in Plaintiff's "Qualified Written Response" to Defendant. Defendant has to date knowingly failed to comply with Plaintiff's demands to produce as stipulated by law and in Plaintiff's "Qualified Written Response" to Defendant. Defendant has been duly noticed that, *"Your silence is your acquiescence". See:* Connally v. General Construction Co., 269 U.S. 385,391. *Notification of legal responsibility is "the first essential of due process of law". See also: U.S. V. Tweel, 550 F.2d.297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading" See also: United States v. Kis; 658 F.2d, 526 (7th Cir. 1981). Cert Denied, 50 U.S.L.W. 2169, S. Ct. March 22, (1982)*, however, Defendant remains silent and refuses to produce and validate their claims and has no legal right to proceed with collection activities (including foreclosure) against Plaintiffs.

**THEREFORE**

Plaintiffs hereby respectfully request the court:

Immediately award injunctive relief, which will effectively stop (Status Quo) the attempted taking Plaintiff's property by Defendant until Defendant has complied with Plaintiff's "Qualified Written Response" Immediately award injunctive relief and/ or other relief, which will effectively stop (Status Quo) any and all of Defendant's collection activities against Plaintiffs until Plaintiffs has exercised. Compel Defendant to produce and to comply and to disclose according to Plaintiff's "Qualified Written Response" or to give Plaintiffs a valid "Full Deed of Release". As well as treble damages in the amount of $1,450,000.00

1. THIS IS NOT A REFUSAL TO PAY, but a request for proof of claim: verification of money alleged to be owed pursuant, but not limited, to 15 U.S.C. § 1866(b) of the Fair Credit Billing Act, 15 U.S.C. § 1692g-Fair Debt Collection Practices Act;

2. I dispute the entire amount, PER THE ATTACHED NOTICE RECEIVED FROM YOUR OFFICE plus interest, allegedly owed by me to "Lender" and/or "Lender's" agents successors and/or assigns;

3. The amount allegedly owed by me to "Lender" appears to be a billing and/or an accounting error.

4. I do not agree to any changes, notices, alterations, amendments or the like previously, allegedly, mailed by "Lender" and/or "Lender's" agents to me in regard to this account and I "opt out" of any such notice, allegedly, mailed, if applicable;

5. I revoke any changes, notices, alterations, amendments or the like previously, allegedly, mailed by "Lender" and/or "Lender's: agents to me, if applicable;

6. I demand to have mailed to me a Certified and Verified Copy of an executed contract between the "Lender" and myself from the existing original containing a blue ink signature only;

I demand a Certified and Verified written accounting of the total amount of money, if any, I have PAID IN, to the said account number (this is NOT a request for duplicate statements, or alleged balance owed or a computer generated or the like payment history), if applicable. Also, I demand Certified Verification that the lender did not mischaracterize the nature of the loan pursuant to TILA which is a violation of 15 USC 1635(b);Reg.Z15(d)(2),226.23(d)(2).

7. Pursuant, but not limited to the UCC and CALIFORNIA Commercial Code RCW 62A.3.302 & 62A.3.305, Fair Credit Billing Act -15 U.S.C. § 1666(3)(b)(ii), Fair Debt Collection Practices Act – 15 U.S.C. § 1692g, and/or Contract law, I am demanding the "Lender" provided verification and/or adequate assurance of the alleged debt owed by me by verifying and/or assuring that:

a. It is in possession of the promissory note(s)/instrument(s) issued; i.e., it is the holder in due course.

b. Valuable consideration was given for the note(s)/Instrument(s) from the Lenders Own Assets and not Credit/Debit Bookkeeping Accounting entries;

c. The promissory note(s)/instrument(s) was/were received in good faith;

d. All applicable United States Banking laws and/or Federal Reserve Policies and Procedures (USBL and/or FRPP) were complied with;

e. All material facts pertinent to the "Loan Process" as required by USBL and/or FRPP were disclosed to me allowing me to issue and execute promissory note(s)/instrument(s) to "Lender" of my own free will absent of inducement and/or coercion and/or fraud by the "Lender";

f. The "Lender" has NOT altered in any form or fashion the promissory note(s)/instrument(s) issued;

g. The promissory note(s)/instrument(s) issued was/were NOT used other than as intended, which was to only be a promise to pay money "loaned";

h. The "Lender" did NOT use the promissory note(s)/instrument(s) issued, without disclosing, as "bank notes" having "value" (bankable paper). See 31 U.S.C. 5103 and House Joint Resolution (HJR)-192;

i. The "Lender" did NOT accept money, money-equivalent, capital, funds or anything of value from issuer of promissory notes in the approximate amount of the "loan" on the promissory note(s)/instrument(s);

j. The "Lender's" did NOT EXCHANGE (as opposed to loan) promissory note(s)/instrument(s) issued for credit(s)/deposit(s) to a "transaction" account,

check or similar entity the "Lender" established on issuers behalf and then withdrew, or something similar, from the credit(s)/deposit(s) and gave issuer a "loan";

k. The "Lender's accounting bookkeeping entries under GAAP (Generally Accepted Accounting Principles) and GAAS (Generally Accepted Auditing Standards) do NOT show an outstanding liability(s) owed to issuer of promissory note(s)/instrument(s) by the "Lender" for the "face" amount of the promissory note(s)/instrument(s) I issued to "Lender";

l. The "Lender" did NOT give a "loan" as "valuable" consideration of the promissory note(s)/instrument(s) issued, that was/were and/or in no more than, electronic and/or accounting/bookkeeping CREATED CREDIT similar, or the same as a "credit memo" in banking:

m. If "Lender" used CREATED CREDIT in association with the "loan" alleged to be owed by me, that such CREATED CREDIT is legal tender in accords with 31 U.S.C. 5103 and HJR 192;

n. I cannot legally repay any money, verified and/or assured by "Lender" to be owed by me, in the same species of money or money equivalent used to fund the loan, and/or any of the species of money recognized and authorized by the Federal Reserve and pursuant to 31 U.S.C. 5103 and HJR-192;

8. I hereby tender offer to pay the full amount alleged to be owed, pursuant to UCC RCW 62A.3.603, upon verification and/or adequate assurance of the alleged debt (subject to cross-examination and the penalty of perjury), owed by me, to the best of my abilities, whereas such would substantiate that the "Lender" has not

perpetrated a fraud upon me and is holder in due course of its claims. Payment shall be deemed refused, and/or no obligation exist, if "Lender" does not provide verification and/or adequate assurance of the alleged debt as herein requested, and any debt allegedly owed by me in extinguished as on operation of law" "An obligation .....once extinct, it never revives again." Ogden v. Saunder, 25 U.S. 213 (1827).

PLEASE NOTE:

Certified Copy: means- "A copy of a document or record, signed and certified as a true copy by the officer to whose custody the original in instructed"

Verified Copy: means- Copy of document which is shown by independent evidence to be true. A copy, if successive witness trace the original in to the hands of a witness who made or compared the copy. See: Nu Car Carriers v. Treynor, 75 U.S.App.D.C.174, 125 F.2d 47, 48."

Verification: means- Confirmation of correctness, truth, or authenticity, by affidavit, oath, deposition. Affidavit

of Truth of matter stated and object of verification is to assure good faith in averments or statements of party. See Sheeley v. City of Santa Clara, 215 Cal.App.2d 83,30 Cal. Rptr. 121,123. Sworn or equivalent confirmation of truth.... In accounting, the process of substantiating entries in books of account."

Assure: means- "To make certain and put beyond doubt. To declare, aver, avouch, assert, or ensure positively. To declare solemnly; to assure to any one with design of inspiring belief or confidence."

Assurance: means " The act or action of assuring....A declaration tending to inspire full confidence."

The above definitions are from Black's Law dictionary, 6th Ed. "In the absence of a statutory definition, courts give terms their ordinary meaning." Bass. Terri L. v. Stolper, Koritzinsky, 111 F.3d 1325, 7th Cir Apps. (1996) Plain meaning can be determined by using a dictionary. As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., United States v. Ron Pair Enterprises. Inc., 489 U.S. 235, 241-242 (1989); United States v. Goldenberg, 168 U.S. 95, 102-103 (1897); Oneale v. Thornton. 6 Cranch 53. 68. When the words of a statute are unambiguous, then this first canon is also the last; "judicial inquiry is complete". Rubin v. United States, 449 U.S. 424, 430 (1981) and Ron Pair Enterprises, supra, at 24. Conn. Nat'l Bank v. Germain , 503 U.S. 249 (1992).

"The legislative purpose is expressed by the ordinary meaning of the words used." Richards v. United States, 369 U.S. 1 (1962).

"Lender" is being requested to give proof of claim/verification of the purported debt and status as holder in due course. Such is apparently required as a matter of due process of law. This is apparent in the U.S. Supreme Court statement:

"For in this proceeding petitioner is not seeking, nor is respondent denying him, anything other than the right to prove his claim... The question is simply one of the admissibility and effect of evidence; and.... the obligation to receive in evidence a promissory note or other admissible evidence of debt." Morris v. Jones, 329 U.S. 545 (1947).

Additionally, please refrain from sending me a print-out or copies of statements as purported verification. Any such act will be subject to legal action for violations of, not limited to, the FDCPA. See Young v. Hewer & Njus, PA, Dist. Ct. N. Ill (1997). (Finding that computer printouts are not verification of a debt).

FAILURE by debt collector to respond, in order to maintain the honor bestowed by said presentment, mandates that lawful protest declare you dishonor. Your response must be in affidavit form under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable presentment may contain.

FAILURE to verify and/or adequately assure the alleged debt owed by me within three (3) days, as stated above, in accordance with said definitions, will be deemed a dishonor of this presentment/notice and demand, and that the debt collector and/or their client, has fraudulently attempted to assert a claim against me, and extort, induce money from me in the present and past, in which the debt collector and/or their client has and has had no legal right to, via the U.S. Mail.

FAILURE of the Lender to take necessary and appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within twenty (20) days of creditor's receipt of the rescission notice, is a violation of TILA 15 USC 1635(b);Reg.Z15(d)(2),226.23(d)(2).

FAILURE of the Lender to take necessary actions within twenty (20) days per "qualified written request" under Section 6 of RESPA, constitute a violation of 12 USC 2601 et seq. and breach of Trust Deed notices.

ADDITIONALLY, any form of collection activity and/or reporting of negative/derogatory information about said account to "Credit reporting agencies" by debt collector and/or their client, and/or their agent/assigns absent of the debt collector and/or their client providing verification and/or adequate assurance of the alleged debt owed by me will be deemed as intentional and willful defamation and libel of my good name and character and harassment for the purpose of inducement or coercion of money from me to which the "lender" has no legal right.

**RECONTRUST**
**1800 TAPO CANYON RD**
**SIMI VALLEY, CA 93063**

**ASSURED LENDING CORPORATION**
**1818 OLD CUTHBERT ROAD, 3RD FLOOR**
**CHERRY HILL, NEW JERSEY 08034**

**OLD REPUBLIC TITLE COMPANY**
**380 DIABLO ROAD, SUITE 210**
**DANVILLE, CA 94526**

MERS
**1818 Library Street, Suite 300**
**Reston, VA 20190**

CC:
Anti-Terrorist and Monetary Crimes Division
FBI Headquarters In WASHINGTON, D.C.
Federal Bureau Of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
WASHINGTON, D.C. 20535-0001

September 29, 2011, respectfully submitted,

Affiant, by: **PAT PATTERSON**
**8081 EL Nora Ct**
**Sacramento CA 95829**

**Jurat**

As a Notary Public in witness whereof, /s/ PAT PATTERSON, attests to the following:

UNITED STATE OF AMERICA )
STATE OF CALIFORNIA ) ss ATTESTATION
County of Sacramento )

In Witness whereof, I affirm and set my hand and seal on September twenty ninth, in the year of our Lord two thousand and eleven, A. D., before me, STEPHANIE HARRINGTON, the undersigned Notary Public in and for the State of CALIFORNIA, appeared Pat Patterson, personally known to me or proved to me on the basis of satisfactory evidence, to be the one(s) whose autograph appears in the within instrument and acknowledged to me that he/she executed it.

Stephanie Harrington
Seal

STEPHANIE HARRINGTON
COMM. # 1936166
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES JUNE 9, 2015

Notary Public
My commission expires: 06/09/2015
Address: 8359 ELK GROVE FLORIN RD STE 103
SACRAMENTO, CA 95829

**Notice**

Using a notary on this document does not constitute any adhesion, nor does it alter My status in any manner. The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

PAT PATTERSON
c/o: 8081 EL Nora Ct
Sacramento CA 95829

The People of the State of CALIFORNIA,
Specifically, PAT PATTERSON, Sui J

Pat Patterson
PAT PATTERSON