1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAT PATTERSON,

11            Plaintiff,                        No. 2:12-cv-00175 MCE KJN PS

12        v.

13   OLD REPUBLIC TITLE COMPANY,
     et al.,

14
             Defendants.                    ORDER

15   _____/

16            Plaintiff is proceeding without counsel.[1]  Presently before the court is plaintiff's

17   application to proceed in forma pauperis (Dkt. No. 2).  For the reasons stated below, the

18   undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses plaintiff's

19   complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted leave to

20   file an amended complaint that complies with the standards set forth below.

21   I.       Plaintiff's Application to Proceed In Forma Pauperis

22            Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

23   § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C.

24   § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma

25

26            [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   pauperis.

2   II.      Screening of Plaintiff's Complaint

3            A.      General Screening Standards

4                    The determination that a plaintiff may proceed in forma pauperis does not

5    complete the required inquiry.  The court is also required to screen complaints brought by parties

6    proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

7    1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

8    dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the

9    allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a

10   claim on which relief may be granted, or the action seeks monetary relief against an immune

11   defendant.

12                   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on

15   an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,

17   has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

18                   In assessing whether a plaintiff's complaint fails to state a claim on which relief

19   can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF,

20   Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in

21   Federal Rule of Civil Procedure 8(a), which provides:

22           **(a) Claim for Relief.**  A pleading that states a claim for relief must
             contain:
23
24              **(1)** a short and plain statement of the grounds for the court's
             jurisdiction, unless the court already has jurisdiction and the claim needs
             no new jurisdictional support;
25
26              **(2)** a short and plain statement of the claim showing that the pleader is
             entitled to relief; and

2

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

    B.    Plaintiff's Complaint

        Plaintiff's complaint concerns the foreclosure of her home and lists 14 claims for relief in the caption, ranging from wrongful foreclosure to fraud to a claim entitled "Nice Offer and Demand." (See Compl. at 1.) However, the remainder of the complaint fails to meet the notice pleading standards set forth above, and, with no offense intended to plaintiff, is disorganized to the point of confusion. The complaint does not contain a coherent, general factual narrative, and plaintiff has not alleged facts supporting each of her 14 claims for relief.

1  For example, plaintiff has not set forth each claim under a heading and then provided a short and

2  plain statement of facts that supports each claim.  Instead, plaintiff appears to organize her claims

3  under one unifying theory:  that the entities that are foreclosing or foreclosed on plaintiff's home

4  do not possess or cannot produce the "original note," which renders any foreclosure proceeding

5  defective.  (See Compl. at 5-8.)  Simply put, the court cannot discern what claims are truly at

6  issue such that it can screen the complaint.  Accordingly, the undersigned dismisses plaintiff's

7  complaint, but provides plaintiff with leave to file an amended complaint.

8         Although the court grants plaintiff leave to file an amended complaint, she should

9  be aware that her reliance on the theory that a foreclosure may not lawfully occur when the

10 foreclosing entity does not possess the "original note" is simply insufficient to substantiate her

11 claims.  California law "does not require possession of the note as a precondition to non-judicial

12 foreclosure under a Deed of Trust."  Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL

13 2136969, at *2 (N.D. Cal. July 16, 2009) (unpublished); see also Bennett v. One West Bank, No.

14 10cv1884–BTM (RBB), 2011 WL 2493699, at *5 (S.D. Cal. June 23, 2011) (unpublished)

15 ("Plaintiff contends that foreclosure would be invalid because Defendants do not possess the

16 original note.  This holder in due course argument has been consistently rejected by the courts.  It

17 is well-settled under California law that non-judicial foreclosures can be commenced without

18 producing the original promissory note.") (citations omitted); accord Ngoc Nguyen v. Wells

19 Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010); McCain v. Bank of Am., NA,

20 No. CIV 10-1266 JAM KJM PS, 2010 WL 4323044, at *1 (E.D. Cal. Oct. 26, 2010)

21 (unpublished) (collecting cases); De Valle v. Mortgage Bank of Cal., No. CV-F-09-1316

22 OWW/DLB, 2010 WL 1813505, at *13 (E.D. Cal. May 5, 2010) (unpublished) (collecting

23 cases); Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009).  Accordingly,

24 plaintiff's amended complaint will be subject to dismissal with prejudice should she simply rely

25 on the "original note" theory as the basis for all of her claims.

26 ////

4

1    In any event, plaintiff is granted 30 days to file an amended complaint that

2  complies with Rule 8 and the pleading standards stated above.  Plaintiff is informed that the court

3  cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern

4  District Local Rule 220 requires that an amended complaint be complete in itself.  This

5  requirement is because, as a general rule, an amended complaint supersedes the original

6  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint

7  supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a

8  plaintiff files an amended complaint, the original complaint no longer serves any function in the

9  case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v.

10 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "If a plaintiff fails to include dismissed claims in

11 an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing

12 the prior complaint."  N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25

13 (9th Cir. 2010).

14 III.    Conclusion

15    For the reasons stated above, IT IS HEREBY ORDERED that:

16    1.    Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2)

17 is granted.

18    2.    Plaintiff's complaint is dismissed with leave to amend.

19    3.    Plaintiff is granted 30 days from the entry of this order to file an amended

20 complaint that is complete in itself.  The amended complaint must bear the docket number

21 assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an

22 amended complaint in accordance with this order will result in a recommendation that this action

23 be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

24 ////

25 ////

26 ////

IT IS SO ORDERED.

DATED:  June 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE