IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAT PATTERSON,

        Plaintiff,                      No. 2:12-cv-00175 MCE KJN PS

     v.

OLD REPUBLIC TITLE COMPANY, et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is proceeding without counsel.[1] On June 26, 2012, the undersigned granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). (Order, June 26, 2012, Dkt. No. 5.) The undersigned dismissed plaintiff's complaint with leave to amend and granted plaintiff 30 days to file a first amended complaint. The court warned plaintiff that "[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a)." (<u>Id.</u> at 5.)

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    Plaintiff failed to timely file an amended complaint, and on August 3, 2012, the
2 undersigned issued an Order to Show Cause ("OSC") why the action should not be dismissed.
3 (OSC, Dkt. No. 6.)
4    Plaintiff timely responded to the OSC with a letter dated August 17, 2012
5 ("Letter"). (Letter, Dkt. No. 7.) The Letter described plaintiff's desire to continue pursuing this
6 action and detailed both plaintiff's financial difficulties and trouble finding attorney
7 representation. (Id.) Accordingly, the OSC (Dkt. No. 6) is discharged.
8    While the undersigned sincerely appreciates plaintiff's difficulties, the
9 undersigned is bound by the Federal Rules of Civil Procedure, legal precedent, and other
10 authorities specifically described in the undersigned's order issued June 26, 2012. (Order, Dkt.
11 No. 5.) Accordingly, the undersigned will give plaintiff a final opportunity to file an amended
12 pleading in compliance with the order issued June 26, 2012. Plaintiff's failure to file an amended
13 pleading in response to that order will result in a recommendation that this action be dismissed.
14    As explained in the OSC, Eastern District Local Rule 110 provides that "[f]ailure
15 of counsel or of a party to comply with these Rules or with any order of the Court may be
16 grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
17 within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides,
18 in part:

19    Any individual representing himself or herself without an attorney is
     bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
20   and all other applicable law. All obligations placed on "counsel" by these
     Rules apply to individuals appearing in propria persona. Failure to comply
21   therewith may be ground for dismissal . . . or any other sanction
     appropriate under these Rules.
22

23 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
24 same rules of procedure that govern other litigants."). Case law is in accord that a district court
25 may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal
26 Rule of Civil Procedure 41(b), where plaintiff fails to prosecute his or her case or fails to comply

with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Order to Show Cause (OSC, Dkt. No. 6) is discharged.

2. Within thirty (30) days from the issuance of this order, plaintiff shall file a first amended complaint that addresses the issues raised in the court's screening order entered on June 26, 2012.

3. Plaintiff's failure to file the first amended complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: October 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE