1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAT PATTERSON,

11          Plaintiff,                    No. 2:12-cv-00175 MCE KJN PS

12          v.

13   OLD REPUBLIC TITLE COMPANY,
     et al.,
14
              Defendants.               FINDINGS AND RECOMMENDATIONS
15   _____/

16          Through these proposed findings and recommendations, the undersigned

17   recommends that plaintiff's case be dismissed without prejudice and that this case be closed.[1]

18   Although plaintiff was previously granted leave to amend his complaint, plaintiff twice failed to

19   do so.

20   I.     BACKGROUND

21          Plaintiff is proceeding without counsel and in forma pauperis.  (Dkt. No. 5.)  On

22   June 26, 2012, the undersigned screened plaintiff's complaint as required by 28 U.S.C.

23   § 1915(e)(2).  (Order, June 26, 2012, Dkt. No. 5.)  The undersigned dismissed the complaint with

24   leave to amend and granted plaintiff 30 days to file a first amended complaint.  (Id.)  The court

25   _____

26          [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  warned plaintiff that "[f]ailure to timely file an amended complaint in accordance with this order

2  will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil

3  Procedure 41(b) and Local Rules 110 and 183(a)." (Id. at 5.)

4      Plaintiff failed to timely file an amended complaint, and on August 3, 2012, the

5  undersigned issued an order requiring plaintiff to show cause why the action should not be

6  dismissed and gave plaintiff additional time to file an amended pleading.  (Order to Show Cause

7  ("OSC"), Dkt. No. 6.)

8      Plaintiff timely responded to the OSC with a letter dated August 17, 2012

9  ("Letter").  (Letter, Dkt. No. 7.)  The Letter described plaintiff's desire to continue pursuing this

10  action and detailed both plaintiff's financial difficulties and trouble finding attorney

11  representation.  (Id.)  However, plaintiff did not file any amended pleading.  Accordingly, the

12  OSC was discharged, and the undersigned gave plaintiff yet another opportunity to file an

13  amended pleading.  (Order, Oct. 23, 2012, Dkt. No. 8.)

14      In his prior orders, the undersigned informed plaintiff that despite plaintiff's

15  financial difficulties, the undersigned is bound by the Federal Rules of Civil Procedure, legal

16  precedent, and other authorities specifically described in the undersigned's order issued June 26,

17  2012.  (Id.)  The undersigned gave plaintiff a "final opportunity to file an amended pleading in

18  compliance with the order issued June 26, 2012," and specifically informed plaintiff that a

19  "failure to file an amended pleading . . . will result in a recommendation that this action be

20  dismissed."  (Id. at 2-3.)  The undersigned also informed plaintiff that "[p]laintiff's failure to file

21  the first amended complaint shall constitute an additional ground for, and plaintiff's consent to,

22  the imposition of appropriate sanctions, including a recommendation that plaintiff's case be

23  involuntarily dismissed . . . pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules

24  110 and 183(a)."  (Id.)

25      The undersigned's prior orders (Dkt. Nos. 6, 8) each separately informed plaintiff

26  that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

2

with these Rules or with any order of the Court may be grounds for imposition by the Court of

any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Moreover, the undersigned's prior orders (Dkt. Nos. 6, 8) also informed plaintiff that Eastern

District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

same rules of procedure that govern other litigants.").  The undersigned's prior orders (Dkt. Nos.

6, 8) also informed plaintiff that a district court may impose sanctions, including involuntary

dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that

plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  (See Dkt.

Nos. 6, 8 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court

"may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet,

963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the

district court may dismiss an action for failure to comply with any order of the court."), cert.

denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831

(9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their

dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986)).)

> To date, plaintiff has had ample time to file an amended pleading and has not
> done so, despite having been warned of the consequences.  Moreover, given plaintiff's pro se
> status, the undersigned gave plaintiff additional opportunities to amend his pleading to correct

1    the deficiencies.  (Orders, Dkt. Nos. 5, 6, 8.)  Notwithstanding those opportunities, plaintiff has

2    not filed any amended pleading to date.

3    II.    DISCUSSION

4            Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

5    action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

6    failure to comply with the court's local rules, or failure to comply with the court's orders.[2]  See,

7    e.g., Chambers, 501 U.S. at 44 (recognizing that a court "may act *sua sponte* to dismiss a suit for

8    failure to prosecute"); Hells Canyon Preservation Council, 403 F.3d at 689 (recognizing that

9    courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a

10   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

11   Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

12   may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

13   291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

14   prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S.

15   909 (2003).  This court's Local Rules are in accord.  See E. Dist. Local Rule 110 ("Failure of

16   counsel or of a party to comply with these Rules or with any order of the Court may be grounds

17   for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

18   inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure

19   to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other

20   applicable law may support, among other things, dismissal of that party's action).

21           A court must weigh five factors in determining whether to dismiss a case for

22   failure to prosecute, failure to comply with a court order, or failure to comply with a district

23   court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

24   

25           [2] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
26   prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
     or any claim against it."  Fed. R. Civ. P. 41(b).

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of prejudice
to the defendants; (4) the public policy favoring disposition of
cases on their merits; and (5) the availability of less drastic
alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file an amended complaint in response to three court orders, despite clear warnings of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that plaintiff's operative complaint be served on defendants, defendants remain named in a lawsuit.  It is difficult to quantify the prejudice suffered by defendants here; however, it is enough that defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be

5

1 prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

2      The fifth factor, which considers the availability of less drastic measures, also

3 supports dismissal of this action.  As noted above, the court has actually pursued remedies that

4 are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

5 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

6 actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

7 Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file an

8 amended complaint and provided plaintiff with additional time to file an amended complaint.

9 Moreover, the court advised plaintiff that he was required to actively prosecute his action and

10 follow the court's orders.  It also warned plaintiff in clear terms that failure to file an amended

11 complaint would result in a recommendation of dismissal, based in part on plaintiff's consent to

12 such a dismissal.  Warning a plaintiff that failure to take steps towards resolution of his or her

13 action on the merits will result in dismissal satisfies the requirement that the court consider the

14 alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district

15 court's warning to a party that his failure to obey the court's order will result in dismissal can

16 satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At

17 this juncture, the court finds no suitable alternative to a recommendation for dismissal of this

18 action.  This finding is supported by the fact that plaintiff is proceeding in forma pauperis and

19 thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

20      The court also recognizes the importance of giving due weight to the fourth factor,

21 which addresses the public policy favoring disposition of cases on the merits.  However, for the

22 reasons set forth above, factors one, two, three, and five strongly support a recommendation of

23 dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

24 proper "where at least four factors support dismissal or where at least three factors 'strongly'

25 support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

26 and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

6

1  outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

2  963 F.2d at 1263.

3  III.  CONCLUSION

4          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

5          1.      Plaintiff's action be dismissed without prejudice pursuant to Federal Rule

6  of Civil Procedure 41(b) and Local Rules 110 and 183(a).

7          2.      The Clerk of Court be directed to close this case and vacate all dates.

8          These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E. Dist.

12  Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  Any response to the objections shall be filed with the court

14  and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule

15  304(d).  Failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,

17  951 F.2d 1153, 1156-57 (9th Cir. 1991).

18          IT IS SO RECOMMENDED.

19  DATED:  December 27, 2012

20

21                                   _____
                                     KENDALL J. NEWMAN
22                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

7